UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>    Plaintiff,<br>v.<br><br>NICK SOLIS, EMILY SOLIS, and<br>WEST TEXAS BULLDOG OILFIELD<br>SERVICES LLC HEALTH PLAN,<br><br>    Defendants. | Civil Action<br>No. 19-146 |

## COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor, brings this action against Defendants Nick Solis, Emily Solis, and West Texas Bulldog Oilfield Services LLC Health Plan, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA"), for appropriate equitable and remedial relief under ERISA Sections 409 and 502(a)(5), 29 U.S.C. §§ 1109 and 1132(a)(5), to enjoin violations of the provisions of Title I of ERISA, and to obtain other appropriate relief to redress violations and to enforce the provisions of Title I of ERISA.

## I. JURISDICTION

Jurisdiction of this action is conferred upon the Court by ERISA Section 502(e)(1), 29 U.S.C. § 1132(e)(1).

## II. VENUE

Venue of this action lies in the United States District Court for the Western District of

Texas, pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

### III. THE PLAN

West Texas Bulldog Oilfield Services LLC Health Plan ("the Plan") was at all times hereafter mentioned an employee welfare benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). The Plan was established by, and at all times hereinafter mentioned was maintained by, West Texas Bulldog Oilfield Services LLC ("the Company"), an employer engaged in commerce or in an industry or activity affecting commerce, and is subject to Title I including Title I, Part 4 of ERISA pursuant to ERISA Sections 4(a)(1) and 401(a), 29 U.S.C. §§ 1003(a)(1) and 1101(a).  During all times hereinafter mentioned, the Plan was administered in Crane, Texas, within the jurisdiction of this Court.

### IV. THE DEFENDANTS

A.   At all relevant times, Defendant Nick Solis was the CEO and half owner of the Company and acted on its behalf with respect to the Plan. At all relevant times, Nick Solis was the a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and 3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A), in that he had or exercised discretionary control over the Plan assets. At all relevant times, Nick Solis conducted his fiduciary duties concerning the administration of the Plan in Crane, Texas, within the jurisdiction of this Court.

B.   At all relevant times, Defendant Emily Solis was half owner of the Company and acted on its behalf with respect to the Plan. At all relevant times, Emily Solis was the a fiduciary and a party in interest with respect to the Plan within the meaning of ERISA Sections 3(14) and

3(21)(A), 29 U.S.C. §§ 1002(14) and 1002(21)(A), in that she had or exercised discretionary control over the Plan assets. At all relevant times, Emily Solis conducted her fiduciary duties concerning the administration of the Plan in Crane, Texas, within the jurisdiction of this Court.

C.      The Plan, as described in paragraph III above, is joined as a party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## V. FACTUAL ALLEGATIONS

A.      The Plan was a fully insured health and welfare plan that was established by the Company in 2008 to offer medical coverage to employees.

B.      At all relevant times, Blue Cross Blue Shield of Texas ("BCBSTX") acted as the Plan's medical insurance carrier.

C.      At all relevant times, the Plan was 75% funded by employer contributions and 25% by deductions from participating employees' paychecks.

D.      The Company served as Plan Administrator, and was also responsible for collecting and forwarding employee contributions to the Plan and for satisfying the notice, disclosure, and other obligations placed on administrators by ERISA.

E.      At all relevant times, Nick Solis and Emily Solis (the Solis Defendants) were signatories on the Company's general banking accounts and acted on behalf of the Company in its capacity as the Plan Administrator.  Nick Solis made the final determination as to when monthly premium payments were made to BCBSTX electronically via their web portal.  Emily Solis arranged and contracted for coverage with BCBSTX on the Company's behalf, remained

the point of contact for communications from BCBSTX, continued to execute BCBSTX administrative documents on behalf of the Plan, and directed the work of staff engaged in administration of the Plan.

F. Between January 13, 2017, and March 15, 2017, the Solis Defendants failed to properly administer the Plan in that they continued to withhold employee contributions from participants' paychecks but failed to forward these amounts to the Plan.

G. During this same time period, the Solis Defendants also failed to collect on the Plan's behalf the Company's portion of the BCBSTX premiums.

H. The Solis Defendants were aware of the delinquent payments through communications from BCBSTX and were aware of the ramifications of continued delinquency—namely cancellation of coverage—because this had occurred twice in 2016.

I. The Solis Defendants never informed Plan participants that they were at risk of losing their insurance coverage for non-payment of premiums.

J. Sometime in March 2017, BCBSTX cancelled the participants' coverage with a retroactive cancellation date of January 1, 2017.

K. Because the Solis Defendants continued to deduct premium payments from employee paychecks until March 2017 without notifying participants that premiums were going unpaid, the Solis Defendants caused Plan participants to believe that they were continued to seek medical services as usual after January 1, 2017, based on their reasonable belief that the services would be covered.

L. Any charges for these medical services were subsequently billed directly to

participants because their coverage had lapsed.

## VI. ERISA VIOLATIONS

A.       As a result of the aforementioned failures, Defendants Nick Solis and Emily Solis have violated the provisions of ERISA in that they:

(1)       Failed to hold Plan assets for the exclusive purpose of providing benefits to Plan participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1);

(2)       Failed to discharge their respective duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries, in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. § 1104(a)(1)(A);1104(a)(1)(A);

(3)       Failed to discharge their respective duties with respect to the Plan with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. § 1104(a)(1)(B);

(4)       Caused the Plan to engage in transactions which they knew or should have Known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA Section 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D); and

(5)       Dealt with assets of the Plan in their own interests or for their own account

in violation of Section 406(b)(1) of ERISA, 29 U.S.C. § 1106(b)(1); and

    (6) Engaged in transactions involving the Plan on behalf of a party whose interests were adverse to the interests of such Plan and the interests of its participants and beneficiaries in violation of Section 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

 B. Defendants Nick Solis and Emily Solis's violations resulted in 38 participants losing medical coverage even though their share of the required premiums (totaling $11,731.62) continued to be deducted from their paychecks, with 10 of those participants incurring unpaid medical expenses (totaling $16,783.22) because BCBSTX denied their claims on account of their coverage lapsing.

## VII. DIRECT LIABLITY FOR PLAN LOSSES

 As a result of engaging in breaches of their fiduciary responsibilities, obligations, and duties, as described in Part VI of this Complaint, Defendants Nick Solis and Emily Solis are subject to equitable or remedial relief as the court may deem appropriate, including removal and injunctive relief pursuant to ERISA Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5).

## VIII. COFIDUCIARY LIABILITY

 Pursuant to the provisions of ERISA Section 405, 29 U.S.C. § 1105, Defendants Nick Solis and Emily Solis are fiduciaries with respect to the Plan and are personally liable for the breaches of fiduciary responsibility committed by their co-fiduciaries set forth in paragraph VI, above, in that they were each aware of the actions and, specifically, the respective inactions of their co-fiduciaries that resulted in the failures to administer the Plan and arrange for proper Plan

termination and Plan account distributions, were able to take action to remedy the violations, and failed to do so.

## IX. PRAYER

WHEREFORE, cause having been shown, Plaintiff, Secretary of Labor prays that this Court:

1.  Order Defendants Nick Solis and Emily Solis to restore to the Plan any losses resulting from fiduciary breaches committed by them or for which they are liable;

2.  Order Defendants Nick Solis and Emily Solis to pay all uncovered medical claims incurred by Plan participants as a result of the aforementioned fiduciary breaches;

3.  Order Defendants Nick Solis and Emily Solis to engage an independent fiduciary—with advance notice to and consent of Plaintiff and at Defendants' expense— to take control of any recovered amounts and make distributions to the appropriate Plan participants;

4.  Permanently enjoin Defendants Nick Solis and Emily Solis from violating the provisions of ERISA;

5.  Permanently enjoin Defendants Nick Solis and Emily Solis from acting as fiduciaries to the Plan or any other employee benefit plan covered by ERISA;

6.  Award plaintiff costs of this action; and

7.  Provide such other remedial relief as may be appropriate.

Respectfully Submitted,

KATE O'SCANNLAIN
Solicitor of Labor

CONNIE A. ACKERMANN
Acting Regional Solicitor

ROBERT A. GOLDBERG
Counsel for ERISA

s/ *Navin Jani*

_____
NAVIN JANI
Trial Attorney-in-Charge
CA Bar No. 298118
Email:  jani.navin.s@dol.gov
U.S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, TX  75202
(972) 850-3100
(972) 850-3101-fax
Attorneys for Plaintiff.